Gilmore, J.
1. The first question raised upon the record is: Did the court err in admitting in evidence the transcript-from the justice’s docket, and in admitting evidence tending to prove that Curt Pratt, as described in the transcript, and Curtis Pratt, as described in the indictment, was the-same person ?
Under the law, as it formerly stood, the allegations of the indictment, as to the judicial tribunal before which the-alleged proceedings were had, and the title of the cause in which the oath was administered, and the false testimony given, were essentially descriptive of the offense ; and previous to the adoption of our code of criminal procedure, the state would have been required to prove'them strictly as alleged : and a variance between the allegations of the-indictment, as to matters of description, and the testimony on the trial, in either of these respects, would have been fatal. (1 Greenleaf’s Ev., secs. 56, et seq.)
But under the provisions of our criminal code, such variance is not necessarily fatal, and will not be so “ unless-the court before which the trial shall be had shall find that such variance is material to the merits of the case, or may be prejudicial to the defendant.” (66 Ohio Laws 301, sec. 91.)
This abrogates, in our state, the rule of evidence on the-subject of variance, in matters of description, between the- *199 allegation and proof. Instead of looking to the rules of evidence to ascertain whether there is a variance between the allegations of the indictment and the evidence offered, the court now looks at the case as it stands before-it; and if there are variances between the allegations and the proof offered, the defendant, for that reason alone,, must not be acquitted, unless, in the opinion of the court, the variance is material or may be prejudicial to the defendant. The opinion of the court, in this respect, is now substituted for the former rule of evidence on the sub-r ject.
As the ruling of the court upon the admission or rejection of testimony, under the former rule of evidence on-this subject, was reviewable on error, so may be the opinion of the court- as to whether the variance is material or prejudicial to the defendant, in like manner, be reviewed on error.
In this case, the court must have been of the opinion that the variance between the allegation and proof was not material to the merits of the case or prejudicial to the defendant, and for this reason admitted the evidence'objected to. In this we find no error. Indeed, for myself, I think the transcript might properly have been admitted without evidence as to the identity of .the person called in the indictment Curtis Pratt and in the.transcript Curt Pratt.- Under the provisions of section 91, above cited, this was not prima facie such a material variance as would affect the merits of the case or prejudice the defendant. •
2. Did the court err in rejecting the evidence offered by the defendant, as to his intoxicated condition at the time the assault and battery was committed ?
Under our statute, perjury consists in “ willfully and corruptly ” deposing, affirming, or declaring “ any matter to-be fact, knowing the same to be false, or denying any matter to be fact, knowing the same to be true.”
The crime, therefore, depends upon the guilty knowledge with which it is committed. In cases of this nature, while intoxication will not- excuse the crime, it should be *200 submitted to the jury, as a fact to be considered in connection with the other testimony in the case, in determining whether the( alleged crime was committed with guilty knowledge and intent. Pigman v. The State, 14 Ohio, 555.
Either .by experience or observation, it has come to be generally known and understood, that the effects of intoxication is not the same upon all persons, and that while great intoxication renders some persons forgetful of the past, and oblivious, not only of what is passing a,round them, but also of their own acts while in that condition; it does not wholly incapacitate others, but is liable to render them incapable of seeing things in their true relations, and that they often conceive distorted, incorrect, or imperfect ideas, which to them are real, of what transpired around them or was done by them while in such condition.
In this case, the questions as to what effect great intoxication ' produced upon defendant, and whether it had the effect of rendering him incapable of remembering, or of correctly remembering, while on the witness stand, the previous occurrences in reference to which he was testifying, were questions that should have been submitted to the jury and considered by it in determining the knowledge or intent with which the defendant testified falsely.
The testimony offered, as to the greatly intoxicated condition of the defendant, immediately before and shortly after the assault and battery, in reference to which it was alleged the perjury was .committed, should, for the reasons above stated, have been submitted for the consideration of the jury as a fact, and the court erred in holding that in law it was inadmissible.
For this error the judgment of the court of common pleas is reversed, and the cause remanded to that court for a new trial.

Judgment accordingly.